## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KRISHNA P. AKKIDASU

                       Plaintiff,

     v.

AKVARR INC. AND FUTURIS
COMPANY,

                 Defendants.

**Case No. _____**

**Jury Demand**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISHNA P. AKKIDASU ("Plaintiff"), an individual residing in Georgia, sues Defendant AKVARR INC., a Delaware corporation("Akvarr") and Defendant FUTURIS COMPANY, a Wyoming corporation ("Futuris")( Akvarr and Futuris hereinafter jointly referenced as "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. as a result of unpaid minimum wages and proper overtime compensation, liquidated damages, damages for retaliation, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2

## Nature of Case

1.    Akvarr is a wholly owned subsidiary of Futuris.

2.    Akvarr maintains offices in multiple states, including Maryland and New Jersey.

3.    Furturis is a publicly traded company (ticker-symbol FTRS) domiciled in Wyoming and with offices in Maryland and other states.

4.    Plaintiff was employed directly by Akvarr and indirectly by Futuris, As such, Futuris is liable for the actions of Akvarr as a joint employer.

5.    Plaintiff's employment by Defendants began on June 16, 2022.

6.    On or about August 31, 2022 Akvarr made its first failure to issue timely payroll.

7.    Over the course of 2022, 2023, and 2024, Defendants failed on multiple occasions to issue payroll to Plaintiff.

8.    Each time, Defendants' agents assured Plaintiff that the payroll issues would be resolved.

9.    Plaintiff continued working despite these failures and continued communicating with Akvarr about resolving the issue of unpaid wages.

10.    After Plaintiff threatened legal action, in January of 2024, Akvarr for the first time missed five (5) sequential payroll periods, lasting until his employment was terminated, on or about March 17, 2024.

11.     Plaintiff is currently owed wages totaling $59,850.44.

12.     By not paying Plaintiff at all for these pay periods, Defendants violated the FLSA by not paying minimum wage.

### Parties

13.     Plaintiff is a Georgia resident who lives at 750 Alstonefield Drive, Alpharetta, GA 30004.

14.     At all material times relevant to this Complaint, Plaintiff was an employee of Akvarr, a wholly owned subsidiary of Futuris.

15.     Akvarr and Futuris each has individual liability as an "employer" as defined in section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.     Akvarr may be served on its registered agent in Delaware, namely, Corporation Service Company, at its registered office of 251 Little Falls Drive, Wilmington, Newcastle County, Delaware 19808.

17.     Futuris may be served on its registered agent in Wyoming, namely, Registered Agents Inc., at the registered office of 30 N Gould Street, Suite R, Sheridan, WY 82801.

### Jurisdiction and Venue:

18.     The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's

3

FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

19.    Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

20.    All conditions precedent to the filing of this lawsuit have been met or otherwise waived.

## Coverage

21.    At all material times, each Defendant is /was an enterprise subject to the FLSA's provisions on minimum and overtime wages.

22.    At all material times, each Defendant is /was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees:

    a.  Engaged in commerce; or

    b.  Engaged in the production of goods for commerce; or

    c.  Handling, selling, or working on goods or materials that have been moved in or produced for commerce.

23.    At all material times, each Defendant had two or more employees who routinely ordered materials or supplies, from out of state vendors.

4

24.     At all material times, each Defendant had an annual gross volume of sales made, or business done, of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25.     At all material times, Plaintiff was an "employee" of each Defendant.

### General Factual Allegations

26.     Plaintiff's employment with Defendants began pursuant to an acquisition by Akvarr, Inc. of Savantis Solutions, LLC and was memorialized in an Employment Agreement dated June 16, 2022 establishing the terms of the at-will employment relationship of Plaintiff and Akvarr.

27.     Plaintiff's employment with Defendants terminated on March 16, 2023 after Defendants failed to issue payroll for 5 consecutive pay-periods, which 5-period gap began after Plaintiff threatened to pursue legal action.

28.     The Employment agreement stipulated that Akvarr would pay Plaintiff bi-weekly.

29.     Throughout 2022, 2023, and 2024, Akvarr and Futuris, through Akvarr failed to pay Plaintiffs, at all, for the work he performed during certain pay periods.

30.     Akvarr and Futuris, through Akvarr, made Plaintiff assurances that he would be paid, eventually.

31.     Plaintiff earned unpaid wages from and Futuris, through Akvarr, from August 1, 2022 through March 16, 2024 totaling $59,850.44, for which he received no payment, due missed payroll periods.

32.     Plaintiff has hired the undersigned's law firm and are obligated to pay them a reasonable fee if successful in this litigation.

33.     On May 14, 20204, Plaintiff, through undersigned counsel, sent Defendants a demand for payment.

34.     On May 22, 2024, Defendants, though their counsel acknowledged receipt of the demand.

35.     On May 24, 2024 Plaintiff, through undersigned counsel, informed Defendants of Plaintiff's intent to pursue arbitration against Akvarr pursuant to the Employment Agreement.

36.     On June 6, 2024, Plaintiff, through undersigned counsel, instituted an arbitration action against Akvarr with the Arbitration Association of America ("AAA").

37.     On June 17, 2024, The AAA informed Akvarr of its obligations to pay its portions of the arbitration fees by July 1, 2024.

38.     Akvarr failed or refused to pay its portion of the arbitration fees as required to maintain the arbitration action, and Plaintiff was forced to bring the instant action.

6

39. All conditions precedent to this action have been performed or waived.

## COUNT I – VIOLATION OF FLSA BY FAILURE TO PAY MINIMUM WAGE

40. The foregoing paragraphs are fully incorporated herein.

41. Plaintiff was an employee of Defendants, who each were engaged in commerce or in the production of goods for commerce.

42. Akvarr and Futuris, through Akvarr, controlled the time, manner, and method of Plaintiff's labor and employment.

43. Akvarr and Futuris, through Akvarr, had control over whether to pay Plaintiff the wages he earned.

44. During certain periods of their employment, Plaintiff did not receive payments commensurate to minimum wage for the work that each performed for Akvarr and Futuris, through Akvarr.

45. Akvarr and Futuris, through Akvarr, knew that Plaintiff were entitled to minimum wages for their labor but have refused to pay minimum wages or wages at the agreed-upon rate to Plaintiff.

46. Akvarr and Futuris, through Akvarr, carried out the illegal pattern and practice of failing to pay full minimum wages knowingly, willfully, or with reckless disregard.

7

47.     Akvarr and Futuris, through Akvarr, did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

48.     Akvarr and Futuris, through Akvarr, willfully failed to pay Plaintiff the statutory minimum wage during the subject period of work, contrary to the FLSA.

49.     As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff has been damaged in the loss of the agreed upon wages for certain weeks that he worked for the Defendants.

50.     As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages for the subject weeks that he worked for the Defendants.

51.     As a result of Defendants' willful violation of the FLSA, Plaintiff and the other workers are entitled to liquidated damages and reasonable attorneys' fees and costs.

## COUNT II – RETALIATION IN VIOLATION OF THE FLSA, 29 U.S.C. §§ 215 and 218c

52.     The foregoing paragraphs are fully incorporated herein.

8

53.     Plaintiff objected to and complained about Defendants' illegal pay practices.

54.     In response, Defendants retaliated against Plaintiff by depriving him of pay for five pay-periods in a row, i.e. for over two months.

55.     Defendants' actions caused Plaintiff to lose his benefits, including medical and dental coverage, and caused Plaintiff incur unnecessary medical and dental expenses.

56.     Defendants harassing and intimidating treatment of Plaintiff is unlawful retaliation under the FLSA.

57.     Plaintiff is entitled to any and all compensatory damages, liquidated damages, attorneys' fees, and expenses in accordance with 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands an Order awarding:

(a) payment to Plaintiff of all wages earned from Defendants in the amount of $59,850.44.

(b) An equal amount of liquidated damages or, in the alternative, pre-judgment and post-judgment interest at the highest rate allowed by law;

(c) Damages for expenses incurred as a result of Defendants' retaliation; and

(d) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiff in prosecuting this case.

9

## Jury Demand

Plaintiff demand a trial by jury on all issues so triable.


Dated this 26th day of February, 2025.


**R. Kyle Paske**
Georgia Bar No. 922482
*Counsel for Plaintiff*
Email:  kpaske@briskinlaw.com
BRISKIN, CROSS & SANFORD, LLC
33 South Main Street, Suite 300
Alpharetta, Georgia 30009
Telephone:  770-410-1555

10